JUDY A. LOCKAMY v. JOHNNY D. LOCKAMY

No. 9213DC827

(Filed 20 July 1993)

**Divorce and Separation § 189 (NCI4th)— absolute divorce—destruction of right to equitable distribution**

Plaintiff's failure to specifically apply for equitable distribution prior to a judgment of absolute divorce destroyed her statutory right to equitable distribution. A statement in the judgment of absolute divorce that "all matters of . . . Equitable Distribution of property are reserved for future disposition in a separate pending action" did not give the court jurisdiction to determine equitable distribution where no such separate pending action existed at the time of the judgment of divorce. Nor did the fact that both parties participated in the equitable distribution hearing confer jurisdiction on the court to determine equitable distribution. N.C.G.S. § 50-11(e).

**Am Jur 2d, Divorce and Separation §§ 439 et seq., 957.**

**Default decree in divorce action as estoppel or res judicata with respect to marital property rights. 22 ALR2d 724.**

## LOCKAMY v. LOCKAMY

[111 N.C. App. 260 (1993)]

Appeal by defendant from order entered 5 March 1992 by Judge D. Jack Hooks, Jr. in Brunswick County District Court. Heard in the Court of Appeals 17 June 1993.

On 16 August 1989, plaintiff filed a complaint seeking primary custody of the minor children of her marriage with defendant, child support, a divorce from bed and board, and an order preserving marital assets. Defendant's responsive pleading included an answer and counterclaims for child custody and slander. Plaintiff filed a separate action for absolute divorce on 12 July 1990, also in Brunswick County, and a judgment of absolute divorce was entered the same day. An equitable distribution hearing on 28 August 1991 was heard in the original action and an order of equitable distribution was signed 5 March 1992 and filed 6 March 1992. From this order, defendant appeals.

*Rountree & Seagle, by George Rountree, III and George K. Freeman, Jr., for defendant-appellant.*

*No brief filed for plaintiff-appellee.*

ORR, Judge.

Defendant contends that the trial court lacked subject matter jurisdiction to hear any claim for equitable distribution because neither party asserted the right to equitable distribution before the judgment of absolute divorce, as required by N.C. Gen. Stat. § 50-11(e) (Supp. 1992). We agree.

N.C.G.S. § 50-11(e) provides that: "[a]n absolute divorce obtained within this state shall destroy the right of a spouse to an equitable distribution of the marital property under G.S. 50-20 unless the right is asserted prior to judgment of absolute divorce . . . ."

The failure to specifically apply for equitable distribution prior to a judgment of absolute divorce will destroy the statutory right to equitable distribution. *Howell v. Howell*, 321 N.C. 87, 361 S.E.2d 585 (1987); *Carter v. Carter*, 102 N.C. App. 440, 402 S.E.2d 469 (1991); *Lutz v. Lutz*, 101 N.C. App. 298, 399 S.E.2d 385, *cert. denied*, 328 N.C. 732, 404 S.E.2d 871 (1991); *Goodwin v. Zeydel*, 96 N.C. App. 670, 387 S.E.2d 57 (1990).

In her initial complaint out of which this appeal lies, plaintiff alleges in part in paragraph 14, "That the plaintiff anticipates that

an action for an absolute divorce and equitable distribution shall be filed when it is appropriate to do so." In no subsequent pleading in this case nor in any other case does a request for an equitable distribution of marital assets occur.

We note that in its order of absolute divorce, the trial court found that "all matters of . . . Equitable Distribution of property are reserved for future disposition in a separate pending action." However, no such separate pending action existed at the time of the judgment of divorce on 12 July 1990. Likewise, the fact that both parties participated in the equitable distribution hearing does not save plaintiff. Jurisdiction over the subject matter cannot be conferred upon a court by consent, waiver or estoppel. *Pulley v. Pulley*, 255 N.C. 423, 121 S.E.2d 876, *aff'd*, 256 N.C. 600, 124 S.E.2d 571, *appeal dismissed by*, 371 U.S. 22, 9 L.Ed.2d 96 (1961).

We therefore hold that the order of equitable distribution is reversed on the grounds that the trial court did not have subject matter jurisdiction to decide the issue.

Reversed.

Judges WELLS and McCRODDEN concur.