IN RE: ENJOLI DANELLE BROWN

No. COA00-446

(Filed 29 December 2000)

## Guardians— GAL—respondent or party—no statutory authorization

The trial court correctly denied a motion by a guardian ad litem (GAL) to dismiss an appeal because the GAL was not served with notice. The Rules of Civil Procedure provide that written notice shall be served on each of the parties; while a GAL may in some instances be a petitioner, there is no statutory authority for that GAL to be a respondent or party.

Appeal by guardian *ad litem* from order dated 14 January 2000 by Judge Kimberly S. Taylor in Iredell County District Court. Heard in the Court of Appeals 19 December 2000.

*Thomas R. Young for petitioner-appellee Iredell County Department of Social Services.*

*Andrea D. Edwards attorney advocate for guardian ad litem-appellant.*

*Homesley, Jones, Gaines, Homesley & Dudley, by L. Ragan Dudley and J. Franklin Mock, II, for respondent-appellee.*

GREENE, Judge.

The guardian *ad litem* (the GAL) for the minor child appeals a 14 January 2000 order in favor of the Respondent-father (Respondent) denying the motion to dismiss Respondent's appeal.

The Iredell County Department of Social Services (DSS) filed a petition on 17 March 1999, to terminate the parental rights of Respondent to his minor daughter, and the GAL was appointed for

**IN RE BROWN**

[141 N.C. App. 550 (2000)]

the minor child on 19 March 1999. DSS alleged Respondent neglected and willfully abandoned the child. Respondent filed a response to the petition on 7 May 1999, denying the allegations set out in the petition. On 2 September 1999, the Iredell County District Court entered an order terminating Respondent's parental rights to his daughter. On 13 August 1999, Respondent filed notice of appeal from the order terminating his parental rights and served the notice of appeal on DSS. Respondent, however, did not serve the notice of appeal on the GAL. On 2 December 1999, DSS and the GAL filed a joint motion to dismiss Respondent's appeal because Respondent failed to serve the GAL with the notice of appeal. On 14 January 2000, the trial court filed an order denying the motion to dismiss the appeal, stating "it is unclear that the [GAL] is a party to the foregoing Termination of Parental Rights proceeding."

---

The issue is whether a guardian *ad litem*, appointed for the child in a termination of parental rights case, must be served with a copy of the notice of appeal from an order terminating a parent's parental rights in the child.

In a termination of parental rights proceeding, the taking of an appeal is governed by N.C. Gen. Stat. § 7A-289.34 (1995).[1] N.C.R. App. P. 3(b)(1). North Carolina General Statute § 7A-289.34 is silent on any requirement for the service of a written notice of appeal and, thus, the Rules of Civil Procedure govern. N.C.G.S. § 1A-1, Rule 1 (1999); *In re Bullabough*, 89 N.C. App. 171, 179, 365 S.E.2d 642, 646 (1988) (because a termination of parental rights proceeding is civil in nature, it is governed by the Rules of Civil Procedure unless otherwise provided). The Rules of Civil Procedure provide "every written notice . . . shall be served upon each of the parties." N.C.G.S. § 1A-1, Rule 5(a) (1999). A party is by definition "those by or against whom a legal suit is brought." *Black's Law Dictionary* 1122 (6th ed. 1990). Those persons or agencies authorized to file a petition for termination of parental rights are limited by statute and are known as petitioners. N.C.G.S. § 7A-289.24 (1995).[2] The department of social services to whom the trial court has given custody of a child is a proper

---

1. Repealed by Session Laws 1998-202, s. 5, effective July 1, 1999. See now § 7B-1113 (1999).

2. Repealed by Session Laws 1998-202, s. 5, effective July 1, 1999. See now § 7B-1103 (1999).

petitioner.[3] N.C.G.S. § 7A-289.24(3) (1995).[4] The person or persons against whom the petition is filed are known as respondents. N.C.G.S. § 7A-289.27(a) (1995).[5] A respondent includes the parents of the child, any person "judicially appointed as guardian of the person of the child" and the child if the child is "12 years of age or older at the time the petition is filed." *Id.* A guardian *ad litem* is not a respondent in a termination of parental rights proceeding and, thus, not a party to the proceeding.

In summary, a guardian *ad litem* for a child in a termination of parental rights proceeding may, in some instances, be a petitioner, but there is no statutory authority for that guardian *ad litem* to be a respondent or party.

In this case, the GAL did not file or join in the filing of the petition and, thus, was not a party to the termination of parental rights proceeding and not entitled to notice of Respondent's notice of appeal of the order terminating his parental rights. The order of the trial court denying the GAL's motion to dismiss the appeal must therefore be affirmed.[6]

Affirmed.

Judges WALKER and FULLER concur.

---

3. A guardian *ad litem* of the child "who has served in this capacity for at least one continuous year" may act as a petitioner in a termination of parental rights proceeding. N.C.G.S. § 7A-289.24(6) (1995) (repealed by Session Laws 1998-202, s. 5, effective July 1, 1999. See now § 7B-1103(6) (1999)).

4. Repealed by Session Laws 1998-202, s. 5, effective July 1, 1999. See now § 7B-1103(3) (1999).

5. Repealed by Session Laws 1998-202, s. 5, effective July 1, 1999. See now § 7B-1106 (1999).

6. We acknowledge the guardian *ad litem* is entitled to a copy of the termination of parental rights order, N.C. Gen. Stat. § 7A-289.31(c2) (1995) (repealed by Session Laws 1998-202, s. 5, effective July 1, 1999. See now § 7B-1110(d)), and it would seem the guardian *ad litem*, in order to act in the best interests of the child, should be entitled to a copy of any notice of appeal from that order. We further note, however, our Legislature has not vested the guardian *ad litem* with the right to appeal from the entry of an order terminating or failing to terminate parental rights. N.C.G.S. § 7A-289.34. Again, it would appear the guardian *ad litem* should be granted this right and, indeed, we note the guardian *ad litem* has the right to appeal from the removal or failure to remove a child from the custody of a parent who has been found to have abused or neglected a child. N.C.G.S. § 7A-667 (1995) (repealed by Session Laws 1998-202, s. 5, effective July 1, 1999. See now N.C.G.S. § 7B-1002 (1999)).