IN THE MATTER OF: ZOE McKINNEY, DOB: 02/28/00

No. COA02-1307

(Filed 17 June 2003)

**Termination of Parental Rights— motion in the cause—subject matter jurisdiction**

The trial court erred by terminating respondent mother's parental rights based on petitioner Department of Social Services' motion in the cause, because: (1) petitioner's motion in the cause was insufficient when it nowhere asks for the termination of respondent's parental rights, and thus, it did not confer jurisdiction on the trial court; and (2) the Court of Appeals

may review the record to determine if subject matter jurisdiction exists in a case regardless of whether the issue is raised by the parties.

Appeal by respondent from order entered 26 April 2002 by Judge Joseph Moody Buckner in Orange County District Court. Heard in the Court of Appeals 19 May 2003.

*Northen Blue Law Firm, by Carol J. Holcomb and Samantha H. Cabe, for petitioner-appellee Orange County Dept. of Social Services.*

*Epting & Hackney, by Karen Davidson, for petitioner-appellee Guardian ad Litem.*

*Winifred H. Dillon, for respondent-appellant.*

LEVINSON, Judge.

Respondent mother (Michelle McKinney) appeals from an order terminating her parental rights in her daughter, Zoe McKinney [hereinafter juvenile]. The factual and procedural history of this case is summarized as follows: The juvenile was born on 28 February 2000. When the juvenile was approximately seven months old, the Orange County Department of Social Services [hereinafter petitioner] filed a petition alleging neglect and dependency and naming both of the juvenile's parents as respondents. The juvenile initially was placed with her maternal grandparents, Thomas and Linda Elliott; however, on 13 November 2000, District Court Judge M. Patricia DeVine entered an order placing temporary custody of the juvenile with petitioner. The case was continued several times during the following six months, and the juvenile's custody remained with petitioner. On 6 March 2001, Judge DeVine entered an order concluding in relevant part that as to respondent, the juvenile was both "a dependent juvenile within the meaning . . . of N.C.G.S. [§] 7A-517(13)[,]" and a "neglected juvenile[] within the meaning and scope of N.C.G.S. [§] 7A-523(21)[.]" (We note that N.C.G.S. ch. 7A was repealed effective 1 July 1999 and recodified in N.C.G.S. ch. 7B, art. 11. Because all relevant proceedings in the instant case occurred after 1 July 1999, the corresponding provisions of N.C.G.S. ch. 7B are applicable, rather than N.C.G.S. ch. 7A.) The trial court also concluded that custody should remain with petitioner, and ordered that further efforts at reunification be ceased and that petitioner file a petition to terminate parental rights within the following sixty (60) days.

On 29 March 2001 petitioner filed a document captioned "Motion in the Cause." On 26 April 2001 respondent moved to dismiss petitioner's motion, in part on the basis that petitioner's motion failed to seek or request any relief. Respondent's motion was summarily denied on 18 September 2001. On 26 April 2002 Judge Joseph Moody Buckner entered an order terminating respondent's parental rights in the juvenile. From this order, respondent appeals and asserts errors not associated with subject matter jurisdiction. Because we determine that petitioner's "Motion in the Cause" was insufficient to constitute a petition for termination of parental rights, and thus did not confer jurisdiction on the trial court, the order terminating respondent's parental rights must be vacated.

---

"Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it." *Haker-Volkening v. Haker*, 143 N.C. App. 688, 693, 547 S.E.2d 127, 130 (citing 1 Restatement (Second) of Judgments § 11, at 108 (1982)), *disc. review denied*, 354 N.C. 217, 554 S.E.2d 338 (2001). "Jurisdiction of the court over the subject matter of an action is the most critical aspect of the court's authority to act. Subject matter jurisdiction refers to the power of the court to deal with the kind of action in question[, and] . . . is conferred upon the courts by either the North Carolina Constitution or by statute." *Harris v. Pembaur*, 84 N.C. App. 666, 667, 353 S.E.2d 673, 675 (1987) (citing W. Shuford, *N.C. Civil Practice and Procedure* § 12-6 (1981)). Moreover, a court's inherent authority does not allow it to act where it would otherwise lack jurisdiction. "Courts have the inherent power to do only those things which are reasonably necessary for the administration of justice *within the scope of their jurisdiction. In re Transportation of Juveniles*, 102 N.C. App. 806, 808, 403 S.E.2d 557, 559 (1991) (citing 20 Am. Jur. 2d Courts § 78 (1965)). "[T]he inherent powers of a court do not increase its jurisdiction but are limited to such powers as are essential to the existence of the court and necessary to the orderly and efficient exercise of its jurisdiction." *Hopkins v. Barnhardt*, 223 N.C. 617, 619-20, 27 S.E.2d 644, 646 (1943).

N.C.G.S. § 1A-1, Rule 2 (2001), provides in relevant part that: "There shall be in this State but one form of action for the enforcement or protection of private rights or the redress of private wrongs, which shall be denominated a civil action." Under N.C.G.S. § 1A-1, Rule 3 (2001), "[a] civil action is commenced by filing a complaint with the court." Accordingly, jurisdiction is dependent upon the existence of a valid motion, complaint, petition, or other valid pleading:

*A court* cannot undertake to adjudicate a controversy on its own motion; rather, it *can adjudicate a controversy* only when a party presents the controversy to it, and then, *only if it is presented in the form of a proper pleading.* Thus, before a court may act there must be some appropriate application invoking the judicial power of the court with respect to the matter in question.

*In re Transportation of Juveniles,* 102 N.C. App. at 808, 403 S.E.2d at 558-59 (emphasis added) (where "no action or proceeding had been commenced . . . the district court was without jurisdiction to enter an order") (citing 20 Am. Jur. 2d *Courts* § 94 (1965)). Similarly, in *Freight Carriers v. Teamsters Local,* 11 N.C. App. 159, 162, 180 S.E.2d 461, 463, *cert. denied,* 278 N.C. 701, 181 S.E.2d 601 (1971), the appellee filed a document that "did not purport to be a complaint and cannot be held to be one[,] . . . [and which] was not properly captioned as required by Rule 10(a)[, and in which] . . . there was no demand for relief made in the document as required by Rule 8(a)(2)[.]" This Court held that "no complaint had been filed by plaintiff" and thus "the [court] never acquired jurisdiction[.]" *Id.* at 160-61, 180 S.E.2d at 463.

To be valid, a pleading or motion must include a request or demand for the relief sought, or for the order the party desires the trial court to enter:

An application to the court for an order shall be by motion which, unless made during a hearing or trial or at a session at which a cause is on the calendar for that session, shall be made in writing, shall state with particularity the grounds therefor, *and shall set forth the relief or order sought.* The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.

N.C.G.S. § 1A-1, Rule 7(b)(1) (2001) (emphasis added). *See Farm Lines, Inc. v. McBrayer,* 35 N.C. App. 34, 40, 241 S.E.2d 74, 78 (1978) (trial court erred by granting relief not sought in motion, because motion failed to comply with requirement of Rule 7(b)(1) that it "set forth the relief or order sought").

The Rules of Civil Procedure apply to proceedings for termination of parental rights:

The conclusion that G.S. 1A-1, Rule 17(c)(2), Rules of Civil Procedure, applies [to termination of parental rights proceedings] is inescapable. All remedies in the courts of this State

divide into (1) actions or (2) special proceedings. [N.C.]G.S. § 1-1. A proceeding to terminate parental rights is . . . either a civil action or a special proceeding, . . . [and thus] the Rules apply, G.S. 1-393, except where a different procedure may be prescribed by statute.

*In re Clark*, 303 N.C. 592, 598, n.3, 281 S.E.2d 47, 52 n. 3 (1981); *see also In re Hodge*, 153 N.C. App. 102, 105, 568 S.E.2d 878, 880 (2002) ("proceedings under the Juvenile Code are civil in nature, and accordingly, 'proceedings in juvenile matters are to be governed by the Rules of Civil Procedure.' ") (quoting *Matter of Bullabough*, 89 N.C. App. 171, 179, 365 S.E.2d 642, 646 (1988)); *In re Brown*, 141 N.C. App. 550, 551, 539 S.E.2d 366, 368 (2000), *cert. denied*, 353 N.C. 374, 547 S.E.2d 809 (2001) ("because a termination of parental rights proceeding is civil in nature, it is governed by the Rules of Civil Procedure unless otherwise provided") (citing *In re Bullabough*, 89 N.C. App. at 179, 365 S.E.2d at 646).

Under N.C.G.S. § 7B-200(a)(4) (2001), the district court has "exclusive, original jurisdiction over . . . [p]roceedings to terminate parental rights." The district court has "exclusive original jurisdiction to hear and determine *any petition or motion* relating to termination of parental rights[.]" N.C.G.S. § 7B-1101 (2001) (emphasis added). However, in the absence of a proper petition, the trial court has no jurisdiction to enter an order for termination of parental rights. *See In re Ivey*, 156 N.C. App. 398, 401, 576 S.E.2d 386, 389 (2003) ("[T]he trial court erred in [entering order for non-secure custody] . . . where no petition had been filed and the trial court did not have jurisdiction over the child."); *In re Triscari Children*, 109 N.C. App. 285, 426 S.E.2d 435 (1993) (termination of parental rights order vacated for lack of subject matter jurisdiction where petition not verified).

In the present case, an examination of petitioner's motion reveals that it nowhere asks for the termination of respondent's parental rights. The document is captioned generally as a "Motion in the Cause"; thus, its title does not state the relief desired. Below the caption is stated, "NOW COMES [PETITIONER] BY AND THROUGH THEIR UNDERSIGNED COUNSEL WHO RESPECTFULLY PRAYS THE COURT AS FOLLOWS[.]" Thereafter petitioner sets out seven paragraphs containing factual allegations as follows:

1. Zoe McKinney is a juvenile who is now in the custody of the Orange County Department of Social Services. . . .

2. The birth mother of Zoe McKinney is Michelle McKinney. . . . The birth father is John McKinney. . . .

3. A Permanency Planning hearing was held on February 1, 2001 and the recommendation of the [DSS] was that a Termination of Parental Rights action be initiated. The Court ordered that such an action should be filed.

4. As to Respondent Mother, she is incapable of providing for the proper care and supervision of the juvenile, such that the juvenile is a dependent juvenile with the meaning of NCGS 7B-101, and there is a reasonable probability that such incapability will continue for the foreseeable future. . . .

a. Respondent has a long-standing history of emotional and psychological instability. . . .

5. As to Respondent Father and Respondent Mother, the above named juvenile is a neglected juvenile within the meaning and scope of N.C.G.S. 7A-523(21) . . . [and did] not receive proper care, supervision, or discipline from her parents . . . .

6. No Guardian of the Person has been appointed and on information and belief, no other state or jurisdiction has considered the issue of the custody of [the juvenile]. . . .

7. It is in the best interest of [the juvenile] that the parental rights of her birth parents be terminated.

At the conclusion of petitioner's recitation of allegations, the motion states in all caps: "Now wherefore, the [petitioner] respectfully prays the court" followed by a blank area above the signature of counsel.

The title, or caption, of petitioner's motion does not state that it is a petition for termination of parental rights. Nor does the motion reference any of the statutory provisions governing termination of parental rights. Petitioner's motion does not seek a termination of parental rights hearing, or request that the court issue an order of termination of parental rights. Indeed, the motion fails to request *any* relief, judgment, or order from the trial court. Nor does the petitioner's use of the word "pray" establish what relief is sought, as petitioner does not "pray" *for* any desired relief. Moreover, shortly after petitioner filed its motion, respondent moved to dismiss petitioner's "motion in the cause" in part on the basis that the motion "failed to state, in its Motion in the Cause, any claim or demand for relief whatsoever and should therefore be dismissed."

**IN RE McKINNEY**

[158 N.C. App. 441 (2003)]

The law is settled that jurisdiction cannot be created by the parties' stipulation, consent, or waiver:

> Respondent did not lose her right to challenge the custody jurisdiction of the Superior Court of Stanly County by failing to appeal from the order[.] . . . 'Jurisdiction over the subject matter cannot be conferred upon a court by consent, waiver or estoppel, and therefore failure to demur or object to the jurisdiction is immaterial.'

*In re Custody of Sauls*, 270 N.C. 180, 187, 154 S.E.2d 327, 333 (1967) (quoting 1 Strong, N.C. Index, Courts § 2 (1957)); *see also Howard v. Coach Co.*, 211 N.C. 329, 331, 190 S.E. 478, 479 (1937) (a party "cannot by consent or by appearance confer jurisdiction when there is none in law"); *Lockamy v. Lockamy*, 111 N.C. App. 260, 262, 432 S.E.2d 176, 177 (1993) ("the fact that both parties participated in the equitable distribution hearing does not save plaintiff. Jurisdiction over the subject matter cannot be conferred upon a court by consent, waiver or estoppel."); *DeGree v. DeGree*, 72 N.C. App. 668, 670, 325 S.E.2d 36, 37 ("Although the parties stipulated in a pre-trial conference 'that the court has jurisdiction of the parties and of the subject matter,' we find such to be ineffective in conferring jurisdiction upon the court."), *disc. review denied*, 313 N.C. 598, 330 S.E.2d 607 (1985).

Nor is evidence that a party planned to file a motion, or announced an intention to file a complaint sufficient to confer jurisdiction. In *Lockamy*, 111 N.C. App. at 261-62, 432 S.E.2d at 177, the plaintiff alleged in her initial complaint that she "*anticipate[d]* that an action for . . . equitable distribution shall be filed when it is appropriate to do so." In a subsequent order granting absolute divorce, the trial court stated that "all matters of . . . Equitable Distribution . . . are reserved for future disposition in a separate pending action." *Id.* However, because "no such separate pending action existed at the time of the judgment of divorce" this Court held that the trial court lacked subject matter jurisdiction to enter an equitable distribution order. *Id.*

Furthermore, a trial court's general jurisdiction over the type of proceeding or over the parties does not confer jurisdiction over the specific action. *See Everette v. Taylor*, 77 N.C. App. 442, 444, 335 S.E.2d 212, 214 (1985) ("court erred in granting a permanent injunction when the only matter before the court was a hearing on whether to extend the temporary restraining order").

We recognize that a party's failure to brief a question on appeal ordinarily constitutes a waiver of the issue. *See In re Faircloth*, 153 N.C. App. 565, 581, 571 S.E.2d 65, 75 (2002) (where respondent-father failed to argue certain issues on appeal from order terminating his parental rights, "respondent ha[d] abandoned these issues on appeal" pursuant to N.C.R. App. P. 10(a) and 28(a)). However, regardless of whether subject matter jurisdiction is raised by the parties, this Court "may review the record to determine if subject matter jurisdiction exists in this case." *Foley v. Foley*, 156 N.C. App. 409, 412, 576 S.E.2d 383, 385 (2003). "[A] court has inherent power to inquire into, and determine, whether it has jurisdiction and to dismiss an action *ex mero motu* when subject matter jurisdiction is lacking." *Reece v. Forga*, 138 N.C. App. 703, 704, 531 S.E.2d 881, 882, *disc. review denied*, 352 N.C. 676, 545 S.E.2d 428 (2000).

Because we resolve this appeal on the basis of subject matter jurisdiction, it is unnecessary for us to consider the merits of respondent's motions for a writ of *certiorari*, and to amend the record, and these motions are therefore denied. We further conclude that petitioner's "Motion in the Cause" did not constitute a petition for termination of parental rights, and thus that the trial court lacked jurisdiction to enter an order for termination of parental rights. Accordingly, the order for termination of parental rights is vacated without prejudice to petitioner's right to bring a proper petition before the court.

Vacated.

Chief Judge EAGLES and Judge BRYANT concur.