IN THE MATTER OF: S.D.W. AND H.E.W., MINOR CHILDREN, R.D.W., PLAINTIFF-
APPELLANT v. J.B.W., DEFENDANT-APPELLEE

No. COA07-650

(Filed 4 December 2007)

**Termination of Parental Rights— subject matter jurisdiction—
counterclaim an improper method of filing petition**

The trial court lacked subject matter jurisdiction in a child visitation case over defendant mother's counterclaim for termination of plaintiff father's parental rights, and the order for termination of parental rights is vacated without prejudice to defendant's right to file a proper petition in the trial court, because: (1) where the juvenile code sets forth specific procedures governing termination actions, those procedures apply to the exclusion of the Rules of Civil Procedure, and the Rules of Civil Procedure will fill the procedural gaps that Chapter 7B, Article 11 leaves open; (2) given both the statement of legislative intent in N.C.G.S. § 7B-1100(1) and the specificity of the Article 11 procedures, Article 11 provides the exclusive procedures to be used, and therefore defendant cannot rely on N.C.G.S. § 1A-1, Rule 13 as the basis for her counterclaim as the General Assembly has otherwise provided for procedures governing commence-

IN RE S.D.W. & H.E.W.

[187 N.C. App. 416 (2007)]

ment of termination actions; (3) Article 11 provides that a proper party may commence a termination of parental rights action by either filing a termination motion in a pending abuse, neglect, or dependency action under N.C.G.S. § 7B-1102, or by filing a termination petition under N.C.G.S. §§ 7B-1103 or -1104; and (4) Article 11 does not provide a party with the right to seek termination of parental rights in a counterclaim.

Appeal by Plaintiff from order entered 16 March 2007 by Judge Laura Powell in District Court, McDowell County. Heard in the Court of Appeals 14 November, 2007.

*David A. Perez, for Plaintiff-Appellant.*

*C. Gary Triggs, P.A., by C. Gary Triggs, for Defendant-Appellee.*

McGEE, Judge.

R.D.W. (Plaintiff) and J.B.W. (Defendant) are the father and mother, respectively, of minor children S.D.W. and H.E.W. (the children). Plaintiff and Defendant married in 1995 and divorced on 17 December 2001. The terms of the divorce did not resolve the issue of custody of the children. Plaintiff had no contact with Defendant or the children over the next four years. The children continued to reside with Defendant during this time.

Plaintiff filed a complaint for child visitation in McDowell County District Court on 18 January 2006. Defendant filed a "Motion to Dismiss, Answer and Counterclaim" on 27 March 2006. In her counterclaim, Defendant: (1) alleged that Plaintiff had abandoned the children and was incapable of providing proper care for, and supervision of, the children; and (2) asked the trial court to terminate Plaintiff's parental rights. The trial court was uncertain as to whether Defendant, in her answer and counterclaim, could properly request termination of Plaintiff's parental rights. The trial court therefore instructed Defendant to issue a "Termination of Rights Summons" to Plaintiff. A summons was issued to Plaintiff on behalf of each of the children on 27 July 2006.

Plaintiff replied to Defendant's counterclaim on 24 August 2006 and denied the allegations therein. Defendant then filed a motion for leave to amend her answer and counterclaim. Plaintiff filed a motion on 27 December 2006 opposing Defendant's request for leave to amend and seeking dismissal of Defendant's counterclaim. In his

motion to dismiss, Plaintiff argued that "it is procedurally improper to assert a petition to terminate parental rights in a counterclaim to a complaint for child visitation, as was done in this case." The trial court granted Defendant's motion to amend on 29 December 2006 and deferred a ruling on Plaintiff's motion to dismiss until trial. Defendant then filed her Amended Answer and Counterclaim alleging additional grounds for terminating Plaintiff's parental rights.

The case was tried on 22 and 23 January 2007. The trial court issued an order on 16 March 2007 terminating Plaintiff's parental rights as to the children. Plaintiff appeals and argues, *inter alia*, that it was procedurally improper for Defendant to seek termination of Plaintiff's parental rights in Defendant's counterclaim. Plaintiff contends that as a result of this improper procedure, the trial court lacked subject matter jurisdiction over Defendant's request for termination of Plaintiff's parental rights.

A.

Article 11 of Chapter 7B of the General Statutes governs termination of parental rights actions. Article 11 contemplates two different procedures for filing an action to terminate a parent's parental rights. First, N.C. Gen. Stat. § 7B-1102(a) (2005) permits certain persons or agencies to file a motion in district court for termination in a pending abuse, neglect, or dependency proceeding concerning the juvenile. Second, if there is no such action pending, the person or agency may file a separate petition to terminate parental rights. *See* N.C. Gen. Stat. § 7B-1103 (2005) (describing the persons or agencies who may file a motion or petition); N.C. Gen. Stat. § 7B-1104 (2005) (describing the requirements of a valid motion or petition). The motion or petition must be entitled "In Re (last name of juvenile), a minor juvenile." N.C.G.S. § 7B-1104. It shall also allege "[f]acts that are sufficient to warrant a determination that one or more of the grounds for terminating parental rights exist." N.C. Gen. Stat. § 7B-1104(6) (2005). *See* N.C. Gen. Stat. § 7B-1111(a) (2005) (listing the various findings that may serve as grounds for terminating parental rights). After a person or agency files a termination petition, the trial court "shall cause a summons to be issued" to all respondents in the action, including the juvenile, the juvenile's parents, and the juvenile's guardian or custodian. N.C. Gen. Stat. § 7B-1106(a) (2005). The parent against whom termination is sought may file an answer to a termi-nation petition or a response to a termination motion. N.C. Gen. Stat. § 7B-1108(a) (2005). The trial court must then hold an adjudi-catory hearing, *see* N.C. Gen. Stat. § 7B-1109 (2005),

**IN RE S.D.W. & H.E.W.**

[187 N.C. App. 416 (2007)]

and may terminate the parent's rights if it finds that (1) grounds for termination exist, and (2) termination is in the best interests of the juvenile. *See* N.C. Gen. Stat. § 7B-1110 (2005).

Plaintiff correctly recognizes that no abuse, neglect, or dependency action involving the children had been filed prior to the time Plaintiff filed his complaint for visitation. Therefore, according to Plaintiff, Defendant could only have initiated termination proceedings against Plaintiff by filing a petition pursuant to Article 11. While Article 11 does allow one parent to file a petition to terminate the parental rights of another parent, *see* N.C. Gen. Stat. § 7B-1103(a)(1) (2005), it does not expressly provide that a request for termination may be made through a counterclaim. Plaintiff argues that the procedure set out in Article 11 is the exclusive procedure to be followed in termination cases. Therefore, since Defendant did not follow the proper procedure for bringing a termination action, the trial court lacked subject matter jurisdiction over Defendant's counterclaim. *See In re McKinney*, 158 N.C. App. 441, 443, 581 S.E.2d 793, 795 (2003) ("jurisdiction is dependent upon the existence of a valid motion, complaint, petition, or other valid pleading").

Defendant disputes this contention and maintains that her counterclaim complied with the requirements of Article 11. Defendant essentially argues that even though Article 11 does not explicitly allow for a termination action to be brought as a counterclaim, it was nonetheless procedurally proper for her to do so pursuant to N.C. Gen. Stat. § 1A-1, Rule 13 (2005) (providing procedures for parties to assert counterclaims and crossclaims in civil actions).

B.

Our Court has recognized that where the juvenile code sets forth specific procedures governing termination actions, those procedures apply to the exclusion of the Rules of Civil Procedure. We first considered this issue in *In re Peirce*, 53 N.C. App. 373, 281 S.E.2d 198 (1981). In *Peirce*, the Burke County Department of Social Services (DSS) filed a petition to terminate the parental rights of two parents whose child had been determined to be neglected in an earlier proceeding.[1] *Id.* at 375, 281 S.E.2d at 200. The respondent parents filed

---

1. DSS initiated the termination action in *Peirce* under Chapter 7A, Article 24B of the General Statutes, the precursor to the current termination statutes found in Chapter 7B, Article 11. The General Assembly repealed the former termination statutes in 1998. *See* 1998 N.C. Sess. Laws. ch. 202, §§ 5, 6. Nonetheless, our analysis is the same under both versions of the juvenile code.

an answer to the DSS petition and also asserted a number of counterclaims against DSS. Specifically, the respondent parents claimed that: (1) the child's best interests required that the child be transferred to the respondent parents' new state of residence; (2) DSS should be ordered to initiate such a transfer; (3) DSS made no effort to reunite the child with the respondent parents, as required by the juvenile code; and (4) the respondent parents themselves should be awarded custody of the child. *Id.* at 375-76, 281 S.E.2d at 200. The trial court struck the respondent parents' counterclaims from their answer, *id.* at 376, 281 S.E.2d at 200, and ultimately entered an order terminating their parental rights. *Id.* at 378, 281 S.E.2d at 202. On appeal, the respondent parents acknowledged that the juvenile code "[did] not specifically allow a respondent in [a termination] case to file anything other than an answer to the petition to terminate parental rights." *Id.* at 379, 281 S.E.2d at 202. *See* N.C. Gen. Stat. § 7A-289.29(a) (1981), *repealed by* 1998 N.C. Sess. Laws ch. 202, § 5 ("Any respondent may file a written answer to the petition. The answer shall admit or deny the allegations of the petition[.]"). However, the respondent parents maintained that their counterclaims were permissible under N.C.G.S. § 1A-1, Rule 13. *Peirce*, 53 N.C. App. at 379, 281 S.E.2d at 202.

Our Court first recognized in *Peirce* that the General Assembly had specifically stated that its intent in enacting that portion of the juvenile code was " 'to provide *judicial procedures* for terminating the legal relationship between a child and his or her biological or legal parents.' " *Id.* at 379, 281 S.E.2d at 202 (emphasis in original) (quoting N.C. Gen. Stat. § 7A-289.22 (1981), *repealed by* 1998 N.C. Sess. Laws ch. 202, § 5). Based upon this clear legislative intent, we concluded:

> The sections of Art. 24B comprehensively delineate in detail the judicial procedure to be followed in the termination of parental rights. This article provides for the basic procedural elements which are to be utilized in these cases. . . . Due to the legislature's prefatory statement in G.S. 7A-289.22 with regard to its intent to establish judicial procedures for the termination of parental rights, and due to the specificity of the procedural rules set out in the article, we think the legislative intent was that G.S., Chap. 7A, Art. 24B, exclusively control the procedure to be followed in the termination of parental rights. It was not the intent that the requirements of the basic rules of civil procedure of G.S. 1A-1 be superimposed upon the requirements of G.S., Chap. 7A, Art. 24B.

Therefore, in this case we need only ascertain whether the trial court correctly followed the procedural rules delineated in the latter.

> . . . This statute does not specifically grant the respondent in these cases the right to file a counterclaim, nor does any other section of G.S., Chap. 7A, Art. 24B, grant to respondent such a right. The statutorily established procedure for the termination of parental rights does not include the right to file a counterclaim, and we will not add that right by imputation. Therefore, it was not . error for the trial court . . . to strike [respondents' counterclaims].

*Id.* at 380, 281 S.E.2d at 202-03.

Subsequent cases have reinforced our holding in *Peirce* that N.C.G.S. § 1A-1 does not provide parties in termination actions with procedural rights not explicitly granted by the juvenile code. *See In re Jurga*, 123 N.C. App. 91, 472 S.E.2d 223 (1996) (holding that parents could not execute a "Declaration of Voluntary Termination of Parental Rights" because the juvenile code did not provide procedures for this type of unilateral declaration); *In re Curtis v. Curtis*, 104 N.C. App. 625, 410 S.E.2d 917 (1991) (reversing trial court's grant of summary judgment for the petitioner on the issue of whether the respondent had abused his daughter, because the termination procedures set out in the juvenile code required an adjudicatory hearing on this issue and did not authorize a summary procedure based on N.C. Gen. Stat. § 1A-1, Rule 56). In addition, just as we have "declined to judicially impute procedural rights to parties which are not otherwise authorized by the termination statute," we have likewise "decline[d] to impute judicial limitations to rights plainly given under the termination statutes." *In re D.S.C.*, 168 N.C. App. 168, 173, 607 S.E.2d 43, 47 (2005) (finding that the termination statutes explicitly required the trial court to appoint a guardian ad litem for a disabled respondent parent in a broad range of cases, and rejecting the petitioner's argument that the statute only required the trial court to make such an appointment in a smaller subset of those cases).

This is not to say, however, that the Rules of Civil Procedure will never apply in a termination proceeding. Our Court has also recognized that where the juvenile code does not identify a specific procedure to be used in termination cases, the Rules of Civil Procedure will fill the procedural gaps that Article 11 leaves open. In *In re Triscari Children*, 109 N.C. App. 285, 426 S.E.2d 435 (1993), the trial court entered orders terminating the respondent father's parental rights

with respect to his two minor children. The respondent father argued on appeal that the termination petitions filed by the children's mother were defective because they were not verified, as required by the juvenile code. *See* N.C. Gen. Stat. § 7A-289.25 (1989), *repealed by* 1998 N.C. Sess. Laws. ch. 202, § 5 ("The petition shall be verified by the petitioner[.]"). Therefore, according to the respondent father, the trial court had no subject matter jurisdiction over the action. *Triscari*, 109 N.C. App. at 286-87, 426 S.E.2d at 436. The termination statutes, while requiring a petition to be verified, did not set out the requirements for proper verification. We therefore looked to the Rules of Civil Procedure to determine whether the petitions were properly verified:

> The specific procedure that must be followed in a termination of parental rights case is set forth in Article 24B, chapter 7A of the North Carolina General Statutes. The rules of Civil Procedure set forth in chapter 1A are not to be superimposed upon these cases, but nor should they be ignored. Thus, because the procedure set forth in the termination of parental rights provisions requires a verified petition, and verification is not defined in chapter 7A, the requirements for verification established in chapter 1A, Rule 11(b) should determine whether the pleading has been properly verified.

*Id.* at 287, 426 S.E.2d at 437 (internal citations omitted). Our Court ultimately determined that the termination petitions did not comply with the Rules of Civil Procedure, and we therefore vacated the trial court's termination orders for lack of subject matter jurisdiction. *Id.* at 287-89, 426 S.E.2d at 437-38.

Likewise, in *In re McKinney*, we applied the Rules of Civil Procedure to determine whether the contents of a motion filed to terminate the respondent's parental rights were sufficient to confer subject matter jurisdiction on the trial court. The Orange County Department of Social Services had filed a purported termination motion in an ongoing neglect and dependency action pursuant to N.C.G.S. § 7B-1102. *McKinney*, 158 N.C. App. at 442-43, 581 S.E.2d at 794. While the motion did contain factual allegations, it did not state that it was a termination motion and it did not request any specific relief from the trial court. *Id.* at 445-46, 581 S.E.2d at 796-97. We first noted that " 'because a termination of parental rights proceeding is civil in nature, it is governed by the Rules of Civil Procedure *unless otherwise provided.*' " *Id.* at 445, 581 S.E.2d at 796 (emphasis added) (quoting and citing *In re Brown*, 141 N.C. App. 550, 551, 539 S.E.2d

366, 368 (2000), *cert. denied*, 353 N.C. 374, 547 S.E.2d 809 (2001); *In re Bullabough*, 89 N.C. App. 171, 179, 365 S.E.2d 642, 646 (1988)). Finding no specific pleading requirements in Article 11, we instead turned to N.C. Gen. Stat. § 1A-1, Rule 7(b)(1) to determine whether the termination motion was sufficient to confer subject matter jurisdiction on the trial court. *Id.* at 444, 581 S.E.2d at 795. Our Court ultimately found that the termination motion did not comply with the Rules of Civil Procedure and vacated the trial court's termination order for lack of subject matter jurisdiction. *Id.* at 448, 581 S.E.2d at 797-98.

C.

In the case before us, we must first determine whether Chapter 7B, Article 11 provides the exclusive procedure to be used when filing a termination of parental rights petition. If so, we must then determine whether the trial court correctly followed that procedure. *See Peirce*, 53 N.C. App. at 380, 281 S.E.2d at 202.

Article 11, like its predecessor, expressly states that the general legislative purpose of the Article "is to provide judicial procedures for terminating the legal relationship between a juvenile and the juvenile's biological or legal parents." N.C. Gen. Stat. § 7B-1100(1) (2005). The statutes that follow this statement of legislative intent set out detailed procedures governing who may file a termination motion or petition, and how that party may bring such an action. Unlike requirements governing proper petition verification and requests for relief, which are found solely in the Rules of Civil Procedure and have no counterpart in the juvenile code, the procedures for commencement of a termination of parental rights action under Article 11 clearly overlap the procedures set out in Chapter 1A-1 for commencement of other civil actions. Given both the statement of legislative intent in N.C.G.S. § 7B-1100(1) and the specificity of the Article 11 procedures, *see Peirce*, 53 N.C. App. at 380, 281 S.E.2d at 203, we find that Article 11 provides the exclusive procedures to be used. Defendant therefore cannot rely on N.C.G.S. § 1A-1, Rule 13 as the basis for her counterclaim, as the General Assembly has "otherwise provided" for procedures governing commencement of termination actions. *Bullabough*, 89 N.C. App. at 179, 365 S.E.2d at 646.

We must next determine whether the trial court followed the procedures provided by Article 11. As noted above, Article 11 sets forth two ways in which a proper party may commence a termination of parental rights action. The first is by filing a termination

motion in a pending abuse, neglect, or dependency action. *See* N.C.G.S. § 7B-1102. The second is by filing a termination petition. *See* N.C.G.S. §§ 7B-1103, -1104. The statutes do not provide a procedure through which a party may counterclaim for termination of parental rights in response to a complaint for child visitation. Rather, Article 11 contemplates that a termination petition should be brought in a separate action. *See, e.g.,* N.C.G.S. § 7B-1104 (requiring that a termination petition have its own caption, "In Re (last name of juvenile), a minor juvenile"). Since Article 11 does not provide a party with the right to seek termination of parental rights in a counterclaim, "we will not add that right by imputation." *Peirce*, 53 N.C. App. at 380, 281 S.E.2d at 203. We recognize that the trial court did attempt to rectify the procedural error by causing summonses to be issued to Defendant regarding the termination counterclaim. *See* N.C.G.S. § 7B-1106(a). However, the issuance of a summons alone does not vest a trial court with subject matter jurisdiction over an action when that action was never properly commenced.

We conclude that Defendant did not file a proper petition for termination of Plaintiff's parental rights, and therefore the trial court lacked subject matter jurisdiction over the termination proceeding. Accordingly, the trial court's order for termination of parental rights is vacated without prejudice to Defendant's right to file a proper petition in the trial court.

In light of the foregoing, we do not address Plaintiff's remaining assignments of error.

Vacated.

Judges HUNTER and BRYANT concur.