TYSON, Judge.
 

 *39
 
 Respondent-mother ("Respondent") appeals from an order adjudicating her minor daughter A.P. to be a neglected and dependent juvenile. The Mecklenburg County Department of Social Services ("MCDSS") did not have standing to file the juvenile petition. We vacate the trial court's order.
 

 I. Background
 

 At the time of A.P.'s birth in August 2015, Respondent was living at the Church of God Children's Home (the "Home") in Cabarrus County, North Carolina. Shortly after A.P.'s birth, Respondent began to display irrational behavior. The Home's staff believed Respondent demonstrated a need for a higher level of care than they could provide her. On 22 September 2015, Respondent was taken to the Carolinas Medical Center-Northeast emergency room in Cabarrus County. She was subsequently involuntarily committed for mental health treatment in Mecklenburg County. Respondent agreed to a safety plan with the Cabarrus County Department of Social Services ("CCDSS") to allow her daughter to live at the Rowan County home of Ms. B., an employee of the Church of God Children's Home, while Respondent was undergoing in-patient mental health treatment.
 

 Respondent subsequently identified her grandfather's home in Mecklenburg County as a place where she could live with A.P. upon her release from in-patient mental health treatment. In October 2015, CCDSS asked MCDSS to investigate the appropriateness of the grandfather's home for A.P. MCDSS found her grandfather's home to be appropriate. Respondent moved into the home with A.P. Respondent entered
 
 *40
 
 into an agreement with CCDSS that she would cooperate with MCDSS in developing and following an in-home family services plan, and CCDSS transferred the social services case to MCDSS.
 

 On 25 November 2015, Respondent's sister discovered Respondent and A.P. were living away from her grandfather's home in a dilapidated house in Mecklenburg County. Respondent's sister took A.P. to Ms. B., and MCDSS subsequently approved the placement of A.P. with Ms. B. MCDSS investigated
 
 *79
 
 the conditions in which Respondent and A.P. had been living, and determined that Respondent needed intensive out-patient substance abuse treatment and other services. Respondent initially engaged in services, which were performed in Mecklenburg County. On 10 December 2015, Respondent notified MCDSS that she had moved to South Carolina.
 

 At an 18 December 2015 meeting with MCDSS, Respondent agreed A.P. would continue to stay with Ms. B., while she lived with a family friend in South Carolina. Respondent returned to Mecklenburg County in January 2016. She was subsequently jailed in Mecklenburg County on unidentified criminal charges. From 18 to 20 February 2016, Respondent was again an inpatient at Davidson Mental Health Hospital in Mecklenburg County.
 

 On 22 March 2016, Respondent informed MCDSS that she was residing in Cabarrus County. On 23 March 2016, Ms. B. informed MCDSS that she could no longer care for A.P. On 29 March, MCDSS obtained a nonsecure custody order from a Mecklenburg County magistrate, which did not list an address for either Respondent or A.P. Also on 29 March 2016, MCDSS retrieved the child from Ms. B. in Rowan County.
 

 On 30 March 2017, MCDSS filed the nonsecure custody order and a juvenile petition alleging A.P. was a neglected and dependent juvenile. After a hearing on 17 May 2016, the trial court entered an adjudication and disposition order on 29 June 2016, in which it concluded that A.P. is a neglected and dependent juvenile. The court continued custody of A.P. with MCDSS, with placement in MCDSS's discretion. The court granted Respondent supervised visitation with A.P. and ordered Respondent to enter into an out-of-home family services agreement with MCDSS, and to comply with the terms of the agreement. Respondent filed timely notice of appeal from the court's order.
 

 II. Motion to Dismiss
 

 We first address the joint motion to dismiss Respondent's appeal and alternative motion to strike portions of Respondent's appellate brief
 
 *41
 
 filed by MCDSS and the guardian ad litem ("GAL"). MCDSS and the GAL argue that Respondent's appeal should be dismissed, because her brief contains (1) several footnotes which rely upon matters outside of the record on appeal and (2) a table of factual assertions without citation to the transcript or record on appeal. These alleged violations are not jurisdictional in nature and are not gross violations of our appellate rules to warrant dismissal. We deny the joint motion to dismiss Respondent's appeal.
 
 See
 

 Dogwood Dev. & Mmgt. Co. v. White Oak Transport Co.
 
 ,
 
 362 N.C. 191
 
 , 198-99,
 
 657 S.E.2d 361
 
 , 365-66 (2008). We also deny the joint motion to strike, because the portions of Respondent's brief, which MCDSS and the GAL move to strike, are unnecessary to reach our decision in this appeal.
 

 III. Jurisdiction
 

 Respondent asserts MCDSS did not have standing to file the juvenile petition, and argues the trial court lacked jurisdiction to adjudicate A.P. as dependent and neglected. District courts have "exclusive jurisdiction over any case involving a juvenile who is alleged to be abused, neglected, or dependent." N.C. Gen. Stat. § 7B-200(a) (2015). However, "a trial court's general jurisdiction over the type of proceeding or over the parties does not confer jurisdiction over the specific action."
 
 In re McKinney
 
 ,
 
 158 N.C.App. 441
 
 , 447,
 
 581 S.E.2d 793
 
 , 797 (2003) (citation omitted).
 

 "[B]efore a court may act there must be some appropriate application invoking the judicial power of the court with respect to the matter in question."
 
 Id.
 
 at 444,
 
 581 S.E.2d at 795
 
 (citation and quotation marks omitted). To properly invoke the court's jurisdiction in a juvenile matter, the petitioner must have standing to file the juvenile petition. "Standing is jurisdictional in nature and '[c]onsequently, standing is a threshold issue that must be addressed, and found to exist, before the merits of [the] case are judicially resolved.' "
 
 In re Miller
 
 ,
 
 162 N.C.App. 355
 
 , 357,
 
 590 S.E.2d 864
 
 , 865 (2004) (quoting
 
 In re Will of Barnes
 
 ,
 
 157 N.C.App. 144
 
 , 155,
 
 579 S.E.2d 585
 
 , 592 (2003) );
 
 see also
 

 In re T.R.P.
 
 ,
 
 360 N.C. 588
 
 , 593,
 
 636 S.E.2d 787
 
 , 792 (2006)
 

 *80
 
 ("A trial court's subject matter jurisdiction over all stages of a juvenile case is established when the action is initiated with the filing of a properly verified petition.").
 

 Article 4 of the North Carolina Juvenile Code sets forth the requirements for the venue and proper parties of petitions. N.C. Gen. Stat. §§ 7B-400 to 408 (2015). N.C. Gen. Stat. § 7B-400(a) provides
 

 [a] proceeding in which a juvenile is alleged to be abused, neglected, or dependent may be commenced in the district
 
 *42
 
 in which the juvenile resides or is present. Notwithstanding G.S. 153A-257, the absence of a juvenile from the juvenile's home pursuant to a protection plan during an assessment or the provision of case management services by a department of social services shall not change the original venue if it subsequently becomes necessary to file a juvenile petition.
 

 N.C. Gen. Stat. § 7B-401.1(a) requires that "[o]nly a county director of social services or the director's authorized representative may file a petition alleging that a juvenile is abused, neglected, or dependent."
 

 As defined in the Juvenile Code, a "director" is "[t]he director of the county department of social services in the county in which the juvenile resides or is found, or the director's representative as authorized in G.S. 108A-14." N.C. Gen. Stat. § 7B-101(10) (2015). Thus, only the director of the county department of social services, or the director's representative, "
 
 in the county in which the juvenile resides or is found
 
 " has standing to file a petition alleging that a child is an abused, neglected, or dependent juvenile. No provision of the Juvenile Code defines the residence of a minor child. A minor child's legal residence for the purpose of receiving social services is determined as follows:
 

 A minor has the legal residence of the parent or other relative with whom he resides. If the minor does not reside with a parent or relative and is not in a foster home, hospital, mental institution, nursing home, boarding home, educational institution, confinement facility, or similar institution or facility,
 
 he has the legal residence of the person with whom he resides
 
 . Any other minor has the legal residence of his mother, or if her residence is not known then the legal residence of his father;
 
 if his mother's or father's residence is not known, the minor is a legal resident of the county in which he is found
 
 .
 

 N.C. Gen. Stat. § 153A-257(a)(3) (2015) (emphasis supplied).
 

 In the case of
 
 In re S.D.A.
 
 ,
 
 170 N.C.App. 354
 
 , 356,
 
 612 S.E.2d 362
 
 , 363 (2005), the mother "agreed to voluntarily place" her minor children with custodians in Rutherford County until the Rutherford County DSS deemed it appropriate to return the children to her care. Allegations of abuse by the custodians surfaced and the Rutherford County DSS asked Lincoln County DSS to investigate.
 
 Id
 
 .,
 
 612 S.E.2d at 363-64
 
 .
 

 *43
 
 The Lincoln County DSS was unable to substantiate any abuse; however, the Rutherford County DSS filed a juvenile petition alleging the children were abused and neglected by the mother for exposing the children to neglect by the custodians.
 
 Id.
 
 at 357,
 
 612 S.E.2d at 364
 
 . The district court in Rutherford County adjudicated the children abused and neglected and removed them from the custodians' care.
 

 Id.
 

 This Court vacated the district court's orders and held the trial court lacked subject matter jurisdiction. Rutherford County DSS failed to follow the statutorily imposed duties prior to filing its petition.
 
 Id.
 
 at 361,
 
 612 S.E.2d at 366
 
 .
 

 In the case of
 
 In re T.R.P.
 
 ,
 
 360 N.C. 588
 
 ,
 
 636 S.E.2d 787
 
 , our Supreme Court vacated a custody review order where the juvenile petition that initiated the case was not verified by the director of the county DSS, as mandated by statute. The Court acknowledged abuse, neglect and dependency cases are purely "statutory in nature and governed by Chapter 7B."
 
 Id.
 
 at 591,
 
 636 S.E.2d at 790
 
 . Notwithstanding that the juvenile petition alleged the respondent was manufacturing methamphetamines in the home, and that respondent had not cooperated with DSS to establish a safety plan, the Court vacated the order removing the juvenile from the respondent's physical custody for lack of subject
 
 *81
 
 matter jurisdiction.
 
 Id.
 
 at 588-89,
 
 636 S.E.2d at 789
 
 .
 

 Where jurisdiction is statutory and the Legislature requires the Court to exercise its jurisdiction in a certain manner, to follow a certain procedure, or otherwise subjects the Court to certain limitations, an act of the Court beyond these limits is in excess of its jurisdiction. Thus, for certain causes of action created by statute, the requirement that pleadings be signed and verified is not a matter of form, but substance, and a defect therein is jurisdictional.
 

 Id.
 
 at 590,
 
 636 S.E.2d at 790
 
 (internal quotation marks and citations omitted).
 

 Here, A.P. initially resided with her mother, Respondent, at the Church of God Children's Home located in Cabarrus County. Upon Respondent's hospitalization in Mecklenburg County for inpatient mental health services, she placed A.P. with her case manager at the Home, Ms. B., who resided in Rowan County.
 

 Because Respondent and A.P. were to planning move to Mecklenburg County, Respondent's case was referred by CCDSS to MCDSS on 20 October 2015. Respondent was discharged from
 
 *44
 
 hospital care on 23 October 2015, and she and A.P. moved into her grandfather's home in Mecklenburg County. A.P. remained in Mecklenburg County, until she was removed by her aunt on 25 November 2015, and returned to the care of Ms. B. in Rowan County. At a Child and Family Team meeting held at MCDSS on 18 December 2015, Respondent agreed for A.P. to continue to reside with Ms. B., while Respondent would seek mental health, substance abuse, and parenting services in South Carolina. On 22 March 2016, Respondent reported to MCDSS that she was residing in Cabarrus County.
 

 On 23 March 2016, Ms. B. notified MCDSS that she could no longer keep A.P. MCDSS contacted CCDSS to discuss transferring the case back to Cabarrus County. However, CCDSS was unable to confirm Respondent was living in Cabarrus County. The record reflects CCDSS indicated it was not willing to file a petition in this matter due to its lack of current involvement with the case. MCDSS sought and obtained a nonsecure custody order signed 29 March 2016 without alleging the address or residence of either Respondent or A.P. MCDSS found A.P. in Rowan County and took physical custody of A.P. on this date.
 

 Based upon these facts, at the time MCDSS filed its juvenile petition A.P. was neither found in nor residing in Mecklenburg County. A.P. remained in the legal custody of Respondent until MCDSS attempted to obtain nonsecure custody of A.P. by filing its nonsecure custody order and juvenile petition on 30 March 2016.
 

 From 25 November 2015 until 29 March 2016, A.P. resided with Ms. B. in Rowan County. A.P. was not residing in a foster home, hospital, mental institution, nursing home, boarding home, educational institution, confinement facility, or similar institution or facility. Her legal and physical residence was in Rowan County with Ms. B. N.C. Gen. Stat. § 153A-257(a)(3). The director of MCDSS lacked standing to file the juvenile petition, and the trial court lacked subject matter jurisdiction over this case.
 
 Cf.
 

 In re J.M.
 
 , --- N.C.App. ----, ----,
 
 797 S.E.2d 305
 
 , 306 (2016) (holding the Durham County district court lacked jurisdiction to hear a petition to terminate parental rights where, at the time the petition was filed, the juvenile was not residing in Durham County, was not found in Durham County, and was not in the legal custody of a licensed child-placing agency in Durham County or Durham County DSS).
 

 IV. N.C. Gen. Stat. § 7B-402(d)
 

 On appeal, the GAL argues the plain language of N.C. Gen. Stat. § 7B-402(d) refutes Respondent's contention that MCDSS lacked authority
 
 *45
 
 to file the juvenile petition in this case. Section 7B-402(d) provides that "[i]f the petition is filed in a county other than the county of the juvenile's residence, the petitioner shall provide a copy of the petition and any notices of hearing to the director of the department of social services in the county of the juvenile's residence."
 

 Id.
 

 The GAL asserts this statute anticipates that a jurisdictionally valid petition may be filed by a social services director of a county other than that where the juvenile resides. We disagree.
 
 *82
 
 The GAL asserts that a social services director of a county in which the juvenile does not reside may file a juvenile abuse, neglect, or dependency petition, if the juvenile
 
 is found
 
 in the director's county.
 
 See
 
 N.C. Gen. Stat. § 7B-101(10) and § 7B-401.1(a). Section 7B-402(d) provides that in such instances, notice of the petition and hearings must then be given to the social services director in the county in which the juvenile resides. Section 7B-402(d) is clearly a notice requirement to another social services director and is not a standing provision. The statute's intent is to alert the department of social services of the juvenile's county of residence of an ongoing out-of-county juvenile case, which may require investigation on its part.
 

 Here, A.P. was neither found in nor a resident of Mecklenburg County. MCDSS failed to allege either Respondent's or A.P.'s residence or physical presence in Mecklenburg County and lacked standing to file the petition alleging A.P. was a neglected or dependent juvenile. The petition failed to properly invoke the trial court's jurisdiction. Without jurisdiction, the trial court's order must be vacated.
 

 V. Conclusion
 

 The Mecklenburg County District Court did not obtain subject matter jurisdiction when MCDSS purportedly filed its petition without standing to do so. In light of our decision and mandate, it is unnecessary for us to address Respondent's remaining arguments. The district court's order is vacated.
 
 It is so ordered.
 

 VACATED.
 

 Judges BRYANT and DAVIS concur.