IN THE MATTER OF: W.R.A., MINOR CHILD

No. COA09-592

(Filed 3 November 2009)

**Adoption— denial of motion for appropriate relief—statutory procedure for challenging final order of adoption**

   The trial court did not err by dismissing appellants' motion for appropriate relief under N.C.G.S. §§ 15A-1415(b)(3) and 15A-1443 because appellants failed to properly follow the statutory procedure for challenging a final order of adoption set forth in Chapter 48.

IN RE W.R.A.

[200 N.C. App. 789 (2009)]

Appeal by respondent-mother and paternal-relative interveners from order entered 28 January 2009 by Judge John W. Davis in Franklin County District Court. Heard in the Court of Appeals 7 September 2009.

*Batton & Guin, by David R. Guin, for Franklin County Department of Social Services petitioner appellee.*

*DeCillis and Turrentine, PLLC, by Karlene S. Turrentine, for respondent-mother and paternal-relative appellants.*

HUNTER, JR., Robert N., Judge.

Respondent-mother ("Violet"),[1] and W.R.A.'s paternal great-aunt and -uncle (the "Baileys")[2] appeal the trial court's order dismissing their motion for appropriate relief under N.C. Gen. Stat. §§ 15A-1415 *et seq.* (2007). While appellants present several substantive arguments in support of reversing the trial court's order, we affirm based on appellant's failure to properly follow the statutory procedure for challenging a final order of adoption.

*Facts*

Violet and W.R.A. ("Annie") both tested positive for cocaine and marijuana when Annie was born on 8 June 2007. As a result, Franklin County Department of Social Services ("DSS") filed a petition alleging that Annie was neglected and dependent the same day. DSS was granted non-secure custody, and Annie was initially placed with her maternal grandmother after her birth. However, for reasons not in the record, Annie was placed in a foster home less than two weeks later.

After being in the foster home for several weeks, Annie was placed with a potential adoptive foster family, the Smiths, and DSS's permanent plan for Annie was changed to adoption. Annie's biological father signed a relinquishment of his parental rights immediately subsequent to confirmation of paternity in September 2007 conditioned on Annie being adopted by the Smiths.

On 15 November 2007, four of Annie's paternal relatives ("intervenor(s)")[3] filed a motion to intervene and a motion for placement or

1. Pseudonyms are used throughout this opinion to ease reading and protect the anonymity of the parties.

2. Violet and the Baileys will collectively be referred to as "appellants."

3. Initially the relatives consisted of two couples, both paternal great-aunts and -uncles. One of the couples withdrew prior to this appeal, leaving only one couple referred to here as the Baileys.

**IN RE W.R.A.**

[200 N.C. App. 789 (2009)]

custody of Annie. On 18 January 2008, the trial court entered an order keeping Annie in DSS custody without ruling on the motion to intervene. A DSS court summary following the 18 January 2008 hearing contains an annotation stating:

> Since the last court date the mother has signed relinquishments and then revoked the relinquishments. The mother has then stated on two occasions that she wanted to sign new relinquishments.

On 7 February 2008, DSS filed a motion to terminate Violet's parental rights. As grounds for termination, DSS alleged that: (1) Annie was neglected; (2) Violet was incapable of providing proper care or supervision of Annie; and (3) Violet's incapability would continue in the foreseeable future due to her fifteen-year history of substance abuse and inpatient and outpatient treatment for substance abuse. On 20 June 2008, DSS amended the motion to terminate Violet's parental rights, and added the allegation that Violet had willfully left Annie in foster care for more than twelve months without making significant progress toward completing her case plan.

A hearing was held on 25 July 2008 to terminate Violet's parental rights, and the matter came on before Judge Randolph Baskerville. At the start of the hearing, counsel for DSS advised the court:

> It's obvious we are not going to be able to reach that for hearing. We have requested that . . . the mother of [the] juvenile submit to a random drug screen, and have provided the services necessary for that to happen. That has been a part of her family services case plan, which she has been ordered to comply with previously in this court. And she has refused to do that today. So before she leaves—she has to be in Wake County to begin serving a period of incarceration which she was ordered to serve on weekends. But we would like her to submit a random urine sample today. And we have a probation officer here with a sample kit available, and so we would ask the court to require [Violet] to provide a sample.

In response, the court ordered Violet's attorney to inform her that "she needs to give the sample today. In the next minute." Violet was then allowed to address the court, and informed Judge Baskerville of her previous compliance with random drug testing. Violet furthermore added: "But I am not on probation and I do not feel that is fair to me to have to be watched like I am on probation." The court again ordered an immediate drug test; however, Violet refused to provide a urine sample. The court then asked Violet's attorney to talk to her "[b]efore I put her in jail. Right now."

After speaking with her attorney, Violet signed an irrevocable relinquishment of her parental rights instead of complying with the trial court's order. The second relinquishment was irrevocable given that it was Violet's second relinquishment in favor of "placement [of Annie] with the same adoptive parent selected by [DSS] and agreed upon by [Violet.]" The relinquishment was conditioned on Annie being adopted by the Smiths.

On 15 August 2008, the Smiths filed a petition to adopt Annie, which was granted on 2 September 2008. On 5 November 2008, appellants[4] filed a motion for appropriate relief under N.C. Gen. Stat. § 15A-1415 *et seq.*, and moved to overturn the 2 September 2008 Decree of Adoption on the grounds that: (1) Violet signed a second relinquishment of her parental rights under duress; and (2) the Baileys did not receive proper notice of the termination of parental rights or adoption hearings.

The motion was heard on 10 December 2008, and the trial court entered an order dismissing the motion for appropriate relief for lack of subject matter jurisdiction on 27 January 2009. Appellants now seek review of the trial court's order.

*Analysis*

Appellants argue that the trial court erred in dismissing their motion for appropriate relief and the respective duress and notice arguments contained therein. We disagree.

A motion to terminate parental rights is a civil cause of action, and the procedures are found in Chapter 7B of our General Statutes and supplemented by the North Carolina Rules of Civil Procedure when necessary. *In re B.L.H. & Z.L.H.*, 190 N.C. App. 142, 146, 660 S.E.2d 255, 257, *aff'd*, 362 N.C. 674, 669 S.E.2d 320 (2008); *see In re S.D.W. & H.E.W.*, 187 N.C. App. 416, 653 S.E.2d 429 (2007). After the entry of a final order of adoption by the district court in North Carolina, the district court no longer retains jurisdiction over matters pending under Chapter 7B. N.C. Gen. Stat. § 48-2-102(b) (2007). Thus, the sole legal procedure established to review an adoption decree entered by the trial court is under Chapter 48. N.C. Gen. Stat. § 48-2-607(a) (2007).[5]

---

4. After the trial court denied the motion to intervene, one of the couples did not further seek to be heard in this case. Therefore, Violet and the Baileys are the only appellants.

5. Notwithstanding the provisions outlined in subsections (b) and (c) of G.S. § 48-2-607, "after the final order of adoption is entered, no party to an adoption pro-

**IN RE W.R.A.**

[200 N.C. App. 789 (2009)]

Here, appellants filed a motion for appropriate relief based on N.C. Gen. Stat. §§ 15A-1415(b)(3),[6] -1443[7] (2007), which are sections of the Criminal Procedure Act. *State v. Handy*, 326 N.C. 532, 535, 391 S.E.2d 159, 160-61 (1990) ("A motion for appropriate relief is a *post verdict* motion . . . made to correct errors occurring prior to, during, and after a criminal trial."). Given that appellants failed to follow the adoption procedures delineated in Chapter 48, the district court properly found that it lacked subject matter jurisdiction to hear their purported motion for appropriate relief, because it had already entered the final order of adoption in this case.

Though it appears that Violet could have moved the trial court to void the adoption decree pursuant to N.C. Gen. Stat. § 48-2-607(b)[8] based on her claim of duress, she failed to do so. Accordingly, we affirm the order of the trial court.

Affirmed.

Judges GEER and BEASLEY concur.

---

ceeding nor anyone claiming under such a party may question the validity of the adoption because of any defect or irregularity, jurisdictional or otherwise, in the proceeding, but shall be fully bound by the order." N.C. Gen. Stat. § 48-2-607(a).

6. "The following are the only grounds which the defendant may assert by a motion for appropriate relief made more than 10 days after entry of judgment: . . . *[t]he conviction* was obtained in violation of the Constitution of the United States or the Constitution of North Carolina." N.C. Gen. Stat. § 15A-1415(b)(3) (emphasis added).

7. This statute codifies "existing definitions of prejudice in North Carolina[,]" "the standard of prejudice with regard to violation of the defendant's rights under the Constitution[,]" and "the 'invited error rule.'" N.C. Gen. Stat. § 15A-1443 Official Comment (citations omitted).

8. "A parent or guardian whose consent or relinquishment was obtained by fraud or duress may, within six months of the time the fraud or duress is or ought reasonably to have been discovered, move to have the decree of adoption set aside and the consent declared void." N.C. Gen. Stat. § 48-2-607(c).