STIREWALT ·v. STIREWALT

[114 N.C. App. 107 (1994)]

———————

VIRGINIA STIREWALT (GRIFFIN), PLAINTIFF v. JOHN O. STIREWALT, DEFENDANT

No. 9320DC270

(Filed 15 March 1994)

**Divorce and Separation § 172 (NCI4th)— equitable distribution— assertion of claim—not sufficient**

An order of equitable distribution was reversed where plaintiff's complaint in an action for divorce from bed and board asserted a claim for child support, temporary alimony, permanent alimony, the possession and use of certain property,

and that defendant be ordered to maintain all marital assets in their present condition, but clearly made no application for equitable distribution, and defendant's pleadings likewise failed to assert a claim for equitable distribution. Equitable distribution is not automatic and a party seeking equitable distribution must specifically apply for it. N.C.G.S. § 50-21(a).

**Am Jur 2d, Divorce and Separation §§ 950 et seq.**

**Divorce: equitable distribution doctrine. 41 ALR4th 481.**

Appeal by defendant from judgment entered 22 July 1992 by Judge Ronald W. Burris in Stanly County District Court. Heard in the Court of Appeals 10 January 1994.

The evidence at trial tended to show that plaintiff and defendant were married on 26 September 1948 and lived together as husband and wife until 4 October 1988. On 17 February 1989, plaintiff-wife filed a complaint for divorce from bed and board, alimony, child support and child custody. On 22 March 1990, an absolute divorce was entered. In July of 1992 a judgment of equitable distribution was entered. From that order, defendant appeals.

*No brief was filed for plaintiff-appellee.*

*Everette Noland for defendant-appellant.*

WELLS, Judge.

The primary and dispositive question raised by defendant-husband in his appeal is whether either party to this action sufficiently asserted a claim for equitable distribution such that the trial court properly entered a judgment of equitable distribution. We hold that neither party asserted such a claim and therefore reverse the trial court's order of equitable distribution.

N.C. Gen. Stat. § 50-20(a) states that "[u]pon application of a party, the court . . . shall provide for an equitable distribution of the marital property between the parties. . . ." (Emphasis supplied.) The courts of our State recognize that equitable distribution is a property right. *Wilson v. Wilson*, 73 N.C. App. 96, 325 S.E.2d 668, *disc. rev. denied*, 314 N.C. 121, 332 S.E.2d 490 (1985). A married person is entitled to proceed with an action for equitable distribution upon divorce if it is properly applied for and not otherwise

waived. *Hagler v. Hagler*, 319 N.C. 287, 354 S.E.2d 228 (1987). However, equitable distribution is not automatic, and a party seeking equitable distribution must specifically apply for it. *Id.* G.S. § 50-21(a) provides that:

> At any time after a husband and wife begin to live separate and apart from each other, a <u>claim</u> for equitable distribution may be filed, either as a separate civil action, or together with any other action brought pursuant to Chapter 50 of the General Statutes, or as a motion in the cause as provided by G.S. 50-11(e) or (f). (Emphasis supplied.)

Defendant-husband contends that neither he nor plaintiff-wife asserted a claim for equitable distribution; therefore, the trial court was without jurisdiction to enter such a judgment. After carefully examining the record before us, we must agree.

In this action for divorce from bed and board, plaintiff's complaint asserted a claim for child support, temporary alimony and permanent alimony. Additionally in her complaint, plaintiff requested: (1) to remain in the dwelling in which she and her child resided, (2) the possession and use of the personal property located in that dwelling, (3) the possession and use of a 1976 Ford Mustang automobile, and (4) attorney's fees. In the prayer for relief, plaintiff requested that defendant be ordered to maintain in their present condition all marital assets in his possession and control, including the homes owned by the parties, as well as the furnishings and personal property located in the homes. This complaint clearly makes no application for and states no claim for equitable distribution.

By his answer, defendant prayed that plaintiff's complaint be dismissed, that plaintiff have and recover nothing of defendant, and that all issues triable by a jury be tried by a jury. Thus, defendant's pleadings likewise fail to assert a claim for equitable distribution.

The trial court found and concluded in its judgment that plaintiff's complaint raised the issue of equitable distribution and defendant's answer also asked that equitable distribution of the marital property be determined by the court. The record before us clearly shows this finding and conclusion to be erroneous.

Since neither party made application or stated a claim for equitable distribution prior to the judgment of absolute divorce,

the trial court lacked the authority to enter such a judgment. G.S. § 50-11(e). For this reason, we reverse the district court's order of equitable distribution.

In light of our holding, we find it unnecessary to reach defendant's remaining assignments of error.

Reversed.

Judges JOHN and McCRODDEN concur.