## COLEMAN v. COLEMAN

[182 N.C. App. 25 (2007)]

BERNARD COLEMAN, Plaintiff v. LOUVENIA H. COLEMAN, Defendant

No. COA06-188

(Filed 6 March 2007)

### 1. Divorce— equitable distribution—sufficiency of claim

The pro se defendant's "request" for "equitable distribution" in her counterclaim in a divorce action was sufficient to put plaintiff on notice that defendant was asking the court to equitably distribute the parties' marital and divisible property. The counterclaim did not have to contain a statement that defendant's request applied to the parties' marital assets or property; her claim could not apply to any other type of assets or property.

### 2. Divorce— equitable distribution—pleading—"request and reserve"—not merely a future claim

Defendant's pro se counterclaim "requesting" and "reserving" equitable distribution sufficiently established that she was making a present claim. "Request" connoted a petition or motion to the court; asking to "reserve" that claim did not transform the request into a nullity or render it an indication of intent to file in the future.

### 3. Divorce— alimony—sufficiency of request—grounds not stated—agreement between parties—not sufficient

The trial court properly dismissed a pro se request for alimony which provided no notice of any grounds for alimony. Allegations that plaintiff had agreed to and had been paying certain household bills and debts were not sufficient.

### 4. Pleadings— denial of amendment—arguments of counsel without evidence—no abuse of discretion

The trial court did not abuse its discretion by denying defendant's motion to amend her counterclaim for alimony where she offered only the arguments of counsel (which did not constitute evidence) on equitable estoppel. The sparse assertion that the amendment should have been allowed in the interest of justice offers no reason to conclude that the trial judge abused his discretion in denying the motion.

Appeal by Defendant from judgment entered 14 November 2005 by Judge Craig Croom in Wake County District Court. Heard in the Court of Appeals 14 September 2006.

COLEMAN v. COLEMAN

[182 N.C. App. 25 (2007)]

*Alexander & Doyle, P.A., by Ann-Margaret Alexander and Andrea Nyren Doyle, for Plaintiff-Appellee.*

*The Watts Law Firm, P.C., by Rebecca K. Watts, for Defendant-Appellant.*

STEPHENS, Judge.

By a complaint filed 26 November 2003, Bernard Coleman ("Plaintiff"), through counsel, sought an absolute divorce from his wife, Louvenia H. Coleman ("Defendant"). Plaintiff alleged that the parties were married on 23 May 1975 and lived together until 1 June 2002, when they separated. No children were born of the marriage. Plaintiff alleged further that there were "no issues pending between the parties."

On 18 December 2003, Defendant, proceeding *pro se*, filed an answer and counterclaim. Defendant admitted all the allegations of the complaint, except Plaintiff's representation that there were no pending issues. Defendant specifically denied such allegation and further answered by alleging that the parties had a "long term verbal agreement" by which Plaintiff had agreed to "pay certain household bills and financial obligations of both parties, including, but not limited to, mortgage payment, second mortgage payment, cable bill, and car insurance." Defendant further alleged that Plaintiff had been making such payments since the parties separated. In addition, Defendant filed a counterclaim, consisting of the following pertinent paragraphs:

1. Defendant hereby requests and reserves the right for equitable distribution.

2. Defendant hereby requests alimony payments from Plaintiff in the amount of $1500.00 per month . . . .

**WHEREFORE**, Defendant prays judgment of the Court as follows:

. . . .

2. Defendant be granted the request to reserve the right for equitable distribution;

3. Plaintiff be ordered to pay Defendant alimony payments in the amount of $1500.00 per month[.]

On Plaintiff's summary judgment motion, the trial court heard his action for absolute divorce and, on 12 March 2004, granted Plaintiff

COLEMAN v. COLEMAN

[182 N.C. App. 25 (2007)]

an absolute divorce from Defendant. The court's judgment included a finding that "all valid and timely filed claims are preserved by the Court." On 18 March 2004, Plaintiff filed his reply to Defendant's counterclaim, generally denying Defendant's allegations and moving to dismiss the counterclaim "for failing to state a claim upon which relief can be granted."

On 20 January 2005, Defendant, through counsel, filed a motion to amend Defendant's answer and counterclaim, as well as a motion for attorney's fees. In the motion to amend, counsel alleged, *inter alia*, that the allegations of the answer and counterclaim filed by Defendant, *pro se*, were sufficient to put Plaintiff on notice that Defendant was seeking equitable distribution of marital assets and alimony, and that, "given the length of the parties' marriage, the existence of significant marital assets to be divided, the Defendant's status as a Dependent Spouse, the Plaintiff's status as a supporting spouse, and the Plaintiff's marital misconduct," equity required the trial court to allow the motion to amend.

Plaintiff's motion to dismiss and Defendant's motion to amend were heard by the trial court on 23 September 2005. The judge heard arguments of counsel and reviewed memoranda of law submitted by each attorney. By judgment entered 14 November 2005, the court granted Plaintiff's motion to dismiss Defendant's equitable distribution counterclaim, concluding that "Defendant failed to properly plead her equitable distribution action prior to the date of absolute divorce[.]" The court also dismissed Defendant's alimony counterclaim for "Defendant's failure to properly plead her alimony action as provided for in the North Carolina General Rules of Civil Procedure and N.C.G.S. sec. 50-16.3A[.]" Defendant's motion to amend her counterclaim was denied, "as the motion to dismiss said claim has been granted." From the court's judgment, Defendant appeals. For the reasons set forth herein, we affirm the trial court's dismissal of Defendant's alimony counterclaim and the denial of Defendant's motion to amend her counterclaim. We reverse the court's dismissal of Defendant's equitable distribution counterclaim.

[1] Defendant first argues that her counterclaim for equitable distribution asserted a valid claim under the Equitable Distribution Act and satisfied procedural requirements for making a legal claim. In response, Plaintiff contends that because Defendant failed to assert that she "wants the right of equitable distribution applied to the parties' property," her counterclaim did not provide proper notice of the

nature and basis of the claim and, thus, was insufficient to constitute a valid application for equitable distribution.

Section 50-20 of our General Statutes provides in pertinent part that "[u]pon application of a party, the court shall determine what is the marital property and divisible property and shall provide for an equitable distribution of [same] between the parties in accordance with the provisions of this section." N.C. Gen. Stat. § 50-20(a) (2003). Section 50-21 provides that any time after the parties begin to live separate and apart, a claim for equitable distribution "may be filed and adjudicated, either as a separate civil action, or together with any other action brought pursuant to Chapter 50 . . . , or as a motion in the cause[.]" N.C. Gen. Stat. § 50-21(a) (2003). Section 50-11(e) provides in pertinent part that "[a]n absolute divorce obtained within this State shall destroy the right of a spouse to equitable distribution under G.S. 50-20 unless the right is asserted prior to judgment of absolute divorce[.]" N.C. Gen. Stat. § 50-11(e) (2003). Recognizing that "[t]here is nothing in the statute regarding the sufficiency of the pleadings to support a claim for equitable distribution[,]" our Supreme Court also acknowledged that "equitable distribution is not automatic[,]" and that a party seeking such division of marital property "must specifically apply for it." *Hagler v. Hagler*, 319 N.C. 287, 290, 354 S.E.2d 228, 232 (1987). Our inquiry, then, is whether Defendant specifically applied for equitable distribution by including as part of her answer to Plaintiff's complaint for absolute divorce a counterclaim whereby she "request[ed] to reserve the right for equitable distribution[.]" If this pleading is not sufficient to state a valid claim for equitable distribution of the parties' marital and divisible property, then Defendant is now precluded from asserting such a claim by virtue of the absolute divorce granted Plaintiff on 12 March 2004.

This Court has previously held that a spouse's pleading asserting an interest in a specific piece of property, or to proceeds generated from an interest in a specific piece of property, is insufficient to state a claim for equitable distribution. *Goodwin v. Zeydel*, 96 N.C. App. 670, 387 S.E.2d 57 (1990). Similarly, a spouse's request to remain in her residence, to possess and use the personal property in that residence, and to possess and use a particular automobile does not establish a valid equitable distribution claim. *Stirewalt v. Stirewalt*, 114 N.C. App. 107, 440 S.E.2d 854 (1994). Conversely, a pleading requesting the court to enter an order distributing the parties' assets in an equitable manner is sufficient to state a claim for equitable distribution. *Hunt v. Hunt*, 117 N.C. App. 280, 450 S.E.2d 558 (1994).

Relying on these cases, Plaintiff argues that Defendant's counterclaim requesting "the right for equitable distribution" fails because Defendant did not specify that she was requesting an equitable distribution of the parties' assets or property. We are not persuaded by Plaintiff's argument. By definition, the remedy of equitable distribution in a divorce case is applicable only to the parties' "marital property and divisible property[.]" N.C. Gen. Stat. § 50-20(a). Absent an agreement between the parties, the determination of what property constitutes marital and divisible property is the responsibility of the trial judge, based on an evaluation of statutorily required information submitted by both parties. N.C. Gen. Stat. § 50-20 (2003). The information which must be submitted to enable the court to meet its statutory obligation includes equitable distribution inventory affidavits listing all property claimed by the respective parties to constitute marital property. N.C. Gen. Stat. § 50-21(a). The first such affidavit must be served on the opposing party "[w]ithin 90 days after service of a claim for equitable distribution[.]" *Id.* The parties' inventory affidavits "shall be subject to amendment" and "are deemed to be in the nature of answers to interrogatories propounded to the parties." *Id.* Furthermore, formal discovery procedures as provided by the North Carolina Rules of Civil Procedure are available to the parties in an equitable distribution action to gather the information needed for the parties to prepare and for the trial court to make its determination. *Id.*

Since equitable distribution redress applies only to the division of marital property, and since the statute gives the party who first asserts a claim for such redress ninety days to provide specific information about the property claimed to be subject to equitable distribution, we do not believe that, to constitute a valid equitable distribution claim, Defendant's counterclaim had to contain a statement that her request for equitable distribution applied to the parties' marital assets or property. Simply put, her claim could not apply to any other type of assets or property. We thus hold that Defendant's "request" for "equitable distribution" was sufficient to put Plaintiff on notice that Defendant was asking the court to equitably distribute the parties' marital and divisible property in accordance with the applicable provisions of Chapter 50 of our General Statutes.

[2] Plaintiff argues further, however, that Defendant's counterclaim also fails because, at most, Defendant "reserve[d]" a future claim for equitable distribution. Relying on *Lockamy v. Lockamy*, 111 N.C. App. 260, 432 S.E.2d 176 (1993), Plaintiff correctly contends that, to

survive a judgment of absolute divorce, a claim for equitable distribution must be pending when the divorce judgment is entered. In *Lockamy*, plaintiff included a paragraph in her complaint stating that she " 'anticipates . . . an action for . . . equitable distribution shall be filed when it is appropriate to do so.' " *Id.* at 261-62, 432 S.E.2d at 177. No subsequent pleading requesting an equitable distribution of marital assets was filed, however, and this Court thus held that the judgment of absolute divorce destroyed plaintiff's right to seek equitable distribution thereafter.

We think the terms of Defendant's counterclaim in the present case are clearly distinguishable. Defendant did not merely assert that she intended to file a claim for equitable distribution of the parties' marital property at some indefinite time in the future. By the specific terms of her counterclaim, she "hereby request[ed] . . . the right for equitable distribution." Her use of the term "request" connotes a petition or motion to the court invoking her right to equitable distribution. That she also asked to "reserve" that right does not transform her request into a nullity nor render it no more than an indication that, at some future time, she intended to file a claim for equitable distribution. On the contrary, Defendant's *pro se* pleading sufficiently established that she was making a present claim.

For the foregoing reasons, the trial court erred in dismissing Defendant's counterclaim for equitable distribution.

---

**[3]** Defendant next argues that the court erred in dismissing her claim for alimony. For the following reasons, we disagree.

Section 50-11(c) of our General Statutes provides that

[a] divorce obtained pursuant to G.S. 50-5.1 or G.S. 50-6 shall not affect the rights of either spouse with respect to any action for alimony or postseparation support *pending at the time the judgment for divorce is granted.* Furthermore, a judgment of absolute divorce shall not impair or destroy the right of a spouse to receive alimony or postseparation support or affect any other rights provided for such spouse under any judgment or decree of a court *rendered before or at the time* of the judgment of absolute divorce.

N.C. Gen. Stat. § 50-11(c) (2003) (emphasis added). Accordingly, our inquiry in this instance is to determine if Defendant's counterclaim "hereby request[ing] alimony payments from Plaintiff in the amount of $1500.00 per month" is sufficient to state a claim for alimony and,

thereby, survive the 12 March 2004 judgment of absolute divorce granted Plaintiff. We hold that it is not.

Once again, the statute provides no guidance for determining the sufficiency of the pleadings to support a claim for alimony, providing only that, in a proceeding under Chapter 50, "either party may move for alimony." N.C. Gen. Stat. § 50-16.3A (2003). In *Manning v. Manning*, 20 N.C. App. 149, 154, 201 S.E.2d 46, 51 (1973), however, this Court considered this issue and found "not adequate and sufficient" a complaint which alleged "merely" that the defendant husband "treated the plaintiff cruelly and offered indignities to her person[.]" *Id.* at 154-55, 201 S.E.2d at 50. The Court held that these allegations were insufficient to state a valid claim for alimony despite the fact that, under the statute in effect at the time, the allegations stated grounds for awarding alimony. *Id.* at 155, 201 S.E.2d at 50. Noting that "[s]uch a complaint does not give defendant fair notice of plaintiff's claim[,]" the Court held that the "true test" of the sufficiency of a claim for relief is whether the pleading "gives fair notice and states the elements of the claim plainly and succinctly[.]" *Id.* at 154, 201 S.E.2d at 50 (citations omitted).

Unlike a claim for equitable distribution which applies only to marital property, a claim for alimony may arise on several alternative grounds and requires the trial court's consideration of at least sixteen "relevant factors" in determining whether statutory grounds exist to award alimony and, if so, whether an award of alimony is equitable. N.C. Gen. Stat. § 50-16.3A. We thus agree with Plaintiff that a party seeking to claim alimony must comply with Rule 8 of the North Carolina Rules of Civil Procedure, and that an alimony pleading must contain "[a] short and plain statement of the claim sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, . . . showing that the pleader is entitled to relief[.]" N.C. Gen. Stat. § 1A-1, Rule 8(a)(1) (2003). *Accord, Manning v. Manning, supra*; 2 Suzanne Reynolds, *Lee's North Carolina Family Law* § 9.62, at 434 (5th ed. 2000) ("pleading or motion [for alimony] should contain facts addressed to dependency, supporting spouse, and some of the economic and other facts that make an award of alimony equitable under the circumstances.").

Here, Defendant's bare request for $1,500 in monthly alimony payments provides no notice of any grounds upon which she may be pursuing and entitled to alimony, such as her status as the dependent spouse. Moreover, we disagree that the allegations in Defendant's

COLEMAN v. COLEMAN

[182 N.C. App. 25 (2007)]

answer, that Plaintiff had agreed to pay and had been paying certain household bills and debts of the parties, were adequate to put Plaintiff on notice that those allegations constituted "the transactions, occurrences, or series of transactions or occurrences" intended to be proved by Defendant in support of her claim for alimony. On the contrary, these allegations were made to refute Plaintiff's allegation that there were "no issues pending between the parties." Without a sufficient indication in Defendant's counterclaim that Plaintiff's payment of certain household bills formed the basis for her contention that she was entitled to alimony, the pleading fails to make the connection between her bare assertion to a right to alimony and her answer refuting the allegations of Plaintiff's complaint. Furthermore, these allegations at most address certain economic factors that may make an award of alimony equitable. The pleading still fails to contain any allegations concerning grounds to support Defendant's entitlement to alimony as described in N.C. Gen. Stat. § 50-16.3A, such as dependency. Accordingly, we hold that the trial court properly dismissed Defendant's claim for alimony.

[4] By her final assignment of error, Defendant argues that the trial court erred by denying her motion to amend her answer and counterclaim. Because we have held that Defendant adequately stated a claim for equitable distribution, we consider this argument only with respect to Defendant's counterclaim for alimony.

Pursuant to the North Carolina Rules of Civil Procedure,

[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 30 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

N.C. Gen. Stat. § 1A-1, Rule 15(a) (2003). Here, Plaintiff had responded to Defendant's counterclaim before Defendant made her motion to amend. Therefore, since Plaintiff declined to consent to an amendment of Defendant's answer and counterclaim, Defendant could amend her pleading only by leave of the trial court.

A denial of a motion to amend a pleading is reviewed for clearly shown abuse of discretion by the trial court. *Walker v. Walker*, 143

N.C. App. 414, 546 S.E.2d 625 (2001). Absent such a showing, the trial court's decision will not be disturbed on appeal. *Id.* Nevertheless, although an exercise of the court's discretion, " '[o]utright refusal to grant the leave (to amend) without any justifying reason appearing for the denial is . . . abuse of that discretion.' " *Id.* at 418, 546 S.E.2d at 628 (quoting *Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 226 (1962)). "Factors to be considered by the trial judge in deciding whether to grant or deny a motion to amend include delay, bad faith, undue prejudice, and the futility of amendment." *Walker*, 143 N.C. App. at 418, 546 S.E.2d at 628 (citations omitted).

In this case, Defendant argues that the trial court abused its discretion because she should have been allowed to amend her pleading "in the interest of justice[.]" She argues further that she should be allowed to amend her pleading because "plaintiff should be estopped from asserting the validity of her claims." Defendant's discussion of her equitable estoppel theories finds no support in any evidence in the record before this Court. At most, the record contains arguments of counsel made to the trial court, but not a scintilla of evidence in the form of testimony, affidavits, or exhibits tending to support the allegations which form the basis for Defendant's equitable estoppel argument on appeal. It is well settled that counsel's arguments do not constitute evidence. *See State v. Swimm*, 316 N.C. 24, 340 S.E.2d 65 (1986); *In re Ford*, 52 N.C. App. 569, 279 S.E.2d 122 (1981). This argument is improper and is rejected.

As for Defendant's argument that the trial court should have allowed her motion to amend "in the interest of justice[,]" this sparse assertion offers no reason for this Court to conclude that the trial judge abused his discretion in denying Defendant's motion. Plaintiff, however, notes that Defendant's motion to amend was filed ten months after he filed his response to Defendant's counterclaim, suggesting delay as one reason justifying the denial.

Defendant has failed to show that, under these circumstances, the trial judge abused his discretion in denying her motion to amend her counterclaim for alimony. Accordingly, this assignment of error is overruled.

The judgment of the trial court dismissing Defendant's alimony claim and denying her motion to amend such claim is affirmed. The judgment of the court dismissing Defendant's equitable distribution claim is reversed.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

Judges STEELMAN and LEVINSON concur.