IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-638

Filed: 5 May 2020

Cabarrus County, No. 16-CVD-1938

KIMBERLY BEST (formerly Best-Staton), Plaintiff,

v.

RANDALL STATON, Defendant.

Appeal by Plaintiff from judgment entered 21 December 2018 and from order entered 18 September 2018 by Judge William G. Hamby, Jr., in Cabarrus County District Court.  Heard in the Court of Appeals 19 February 2020.

*Plumides, Romano, Johnson, & Cacheris, P.C., by Richard B. Johnson, for Plaintiff-Appellant.*

*No brief filed for Defendant-Appellee.*

DILLON, Judge.

Plaintiff appeals from an Order Dismissing Plaintiff's Claim for Equitable Distribution and Denying Plaintiff's Motion to Dismiss Defendant's Claim for Equitable Distribution and from Judgment of Equitable Distribution.

I. Background

On 25 April 2009, Defendant Randall Staton ("Husband") and Plaintiff Kimberly Best ("Wife") were married.  In November 2016, Husband and Wife officially separated.

In this action, Husband and Wife each filed a claim seeking equitable distribution. Wife filed her claim for equitable distribution three months *before* the parties separated. One month before the parties separated, Husband filed a responsive pleading, which included his *statement of intent* to file a claim for equitable distribution. Then, a month *after* the parties separated, Husband filed his counterclaim for equitable distribution.

Husband and Wife each moved to dismiss the other's claim for equitable distribution. The trial court granted Husband's motion and denied Wife's motion, reasoning that because Wife's claim was filed before the parties' date of separation, it lacked jurisdiction over *her* claim.

Later, in December 2018, the trial court entered a Judgment of Equitable Distribution based on Husband's claim.

## II. Analysis

Wife makes three arguments on appeal, which we address in turn.

### A. Subject Matter Jurisdiction

First, Wife argues that the trial court did not have subject matter jurisdiction over Husband's equitable distribution claim. We disagree and conclude that the trial court had jurisdiction over that claim.

Whether a trial court has subject matter jurisdiction is a question of law, reviewed *de novo* on appeal. *Azure Dolphin, LLC v. Barton*, 371 N.C. 579, 594, 821 S.E.2d 711, 722 (2018).

Our courts have consistently found there to be no subject matter jurisdiction where a party files an equitable distribution claim *prior to* the date of the couple's separation. *See, e.g.*, *Atkinson v. Atkinson*, 350 N.C. 590, 590, 516 S.E.2d 381, 381 (1999) (per curiam). However, our Court has found subject matter jurisdiction over a defendant's counterclaim for equitable distribution filed after separation though plaintiff filed her complaint for equitable distribution before the date of separation. *Gurganus v. Gurganus*, 252 N.C. App 1, 4-5, 796 S.E.2d 811, 814 (2017).

Wife argues that Husband's statement in his responsive pleading filed a month before separation was, in effect, a claim for equitable distribution. We disagree. Husband did not pray for equitable distribution in that pleading, but rather simply prayed that he be allowed to file such claim when the parties separated. He specifically requested to "*be allowed* to file for equitable distribution *upon separation of the parties or a ruling on the Divorce from Bed and Board*." (Emphasis added).

Wife, though, contends that this case is controlled by our decision in *Coleman v. Coleman*, 182 N.C. App. 25, 641 S.E.2d 332 (2007). In that case, we determined that a counterclaim that "hereby *requests and reserves* the right for equitable distribution" was a valid equitable distribution claim. 182 N.C. App. at 26, 641 S.E.2d

at 334 (emphasis added).  We held that the defendant's "request" was "sufficient to put [p]laintiff on notice that [d]efendant was [presently] asking the court to equitably distribute the parties' marital and divisible property[.]"  *Id*. at 29, 641 S.E.2d at 336. Our Court concluded that the use of the word "request" showed that "[the d]efendant did not merely assert that she intended to file a claim for equitable distribution . . . at some indefinite time in the future."  *Id*. at 30, 641 S.E.2d at 337.

But Husband's language in his initial pleading is different.  Husband merely expressed an intent to file an equitable distribution claim in the future "upon separation of the parties[.]"  Husband's did not pray for equitable distribution until after the couple's date of separation.  Therefore, we conclude that the trial court had subject matter jurisdiction over Husband's equitable distribution claim.

### B. Property Value of Marital Home

Wife next argues that the trial court abused its discretion when it determined on its own that the marital home had a property value increase of $23,700 from the date of separation to the date of the hearing, based on the property's tax value.

In its order, the trial court noted that the parties agreed that the marital home had a net value *at the time of separation* of $91,195.  The trial court then made findings which generally reflected this value, finding a gross value of $352,000 and a debt of $260,805 at the time of separation (for a net value of $91,195).  However, the

trial court found that *after* the date of separation, the value of the marital home passively increased in value by $23,700:

> Item I-8 is the passive increase in the value of the marital residence, which the Court determines *from the public records* to be $23,700, in the absence of any other credible evidence of current valuation, leaving the residence with a current valuation of $275,700 [sic] as opposed to the valuation of $252,000 [sic] at the time of separation.

Wife, though, states in her brief that neither party offered the tax value into evidence to show a passive increase in the home value. As explained below, tax value evidence is incompetent to prove value, and it would be an abuse of discretion for a trial court to take judicial notice of and rely upon a tax value to support a finding. Husband has not filed an appellee's brief. The record is rather voluminous, and our review has not uncovered a point in the proceeding before the trial court where the tax value was offered by either party as evidence to prove a passive increase in value.

The tax value – that is, the value assigned by the county in assessing *ad valorem* taxes against real estate – is not *competent* evidence of a property's value. *See Mfg. Co. v. R.R.*, 222 N.C. 330, 332, 23 S.E.2d 32, 36 (1942) (emphasis added) ("The rule with us, ordinarily, is that evidence of tax value listings on real estate is not competent on an issue of valuation[.]"). This is so because, as our Supreme Court has explained, "in the valuation of [ ] land for taxation the owner is not consulted . . . It is well understood that it is the custom of the assessors to fix a uniform rather than an actual valuation." *Bunn v. Harris*, 216 N.C. 366, 373, 5 S.E.2d 149, 153 (1939).

We note, though, that the tax value of real property "may be considered by the fact-finder *if its introduction is not properly objected to.*" *Edwards v. Edwards*, 251 N.C. App. 549, 551, 795 S.E.2d 823, 825 (2017) (emphasis added).

Though a trial court is vested with broad discretion in ordering equitable distribution, *Wiencek-Adams v. Adams*, 331 N.C. 688, 691, 417 S.E.2d 449, 451 (1992), we hold that it is an abuse of discretion for a trial court rely on incompetent evidence that was not introduced into evidence by either party. As to this issue, we direct the trial court to act as indicated in the Conclusion section below.

## C. Plaintiff's Consolidated Judicial Retirement Plan

Finally, Wife argues that the trial court abused its discretion when it admitted hearsay evidence of Wife's consolidated judicial retirement plan. For the following reasons, we hold that Wife has failed to preserve this issue for our review.

Our Rules of Appellate Procedure state that "[i]n order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C. R. App. P. 10(a)(1). Rule 10 also requires that the complaining party "obtain a ruling upon the party's request, objection, or motion." *Id.*

Wife argues on appeal that the trial court erred by admitting into evidence a valuation of her retirement plan and an affidavit from the expert who valued it

because "[t]he valuation and affidavit do not fall under any of the exceptions of Rule 803." However, Wife did not object at trial to the admission of this evidence on hearsay grounds. Furthermore, although Wife objected to the admission of the valuation and affidavit based on a violation of deadlines set in a pretrial order, Wife failed to obtain a ruling upon her objection:

> [Husband's Counsel:] And Your Honor, along with that, if I may … admit the affidavit of Ann Marie Joseph along with that - -
>
> [Wife's Counsel:] Objection, I've never seen the affidavit. Didn't even know it existed until a few minutes ago. And objection, uh, note - - I'd ask the court to note my exception to Number 15.
>
> [Judge:] Absolutely.
>
> [Wife's Counsel:] And Your Honor, may we approach? (Inaudible – 03:12:30) objection with the exception to your ruling.
>
> [Judge:] Absolutely.

The parties continued to question the witness following this interaction, but the judge never ruled on Wife's objection and Wife never sought a ruling. Thus, Wife has failed to preserve this issue for our review.

## III. Conclusion

We hold that the trial court had subject matter jurisdiction over Husband's equitable distribution claim.

Regarding the trial court's reliance on the tax value to support its finding of a post-separation, passive increase in the value of the marital home, we have been unable to locate anything in the record indicating that either party offered the tax value as evidence for this purpose. And Husband has not filed an appellee's brief to counter Wife's contention that no such evidence was offered. Therefore, we must vacate and remand the Judgment of Equitable Distribution.

On remand, the trial court must reconsider its finding regarding the post-separation, passive increase in value of the marital home. If the record, indeed, shows that the tax value was offered as evidence of a passive increase and if this evidence was not objected to, then we direct the trial court to re-enter its judgment with a cite from the record of that evidence. Otherwise, the trial court may make a new finding of a passive increase (or decrease) based on any competent or unobjected-to incompetent evidence in the record. But if there is no such evidence in the record, then the trial court shall strike its finding regarding the passive increase in value of the marital home. If the trial court modifies its finding regarding the passive increase, the trial court shall then modify the remainder of the order, if necessary, to achieve a distribution that it determines to be equitable.

VACATED AND REMANDED.

Judges BERGER and COLLINS concur.